IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10–CR–30197-5-NJR |
| ) | |
| ) | |
| DARIUS FRANKLIN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Government's Motion to Correct Judgment (Doc. 373) and Defendant Darius Franklin's Motion to Correct Judgment (Doc. 378). For the reasons set forth below, both motions are granted.

On June 24, 2011, Darius Franklin pleaded guilty to Count 1 of the Superseding Indictment charging conspiracy to distribute and possess with intent to distribute cocaine in violation of Title 18, United States Code, Sections 841 and 846. At the time of his plea, Franklin entered into a cooperating plea agreement, where he agreed to provide information or testify as required. On November 30, 2012, United States District Judge G. Patrick Murphy sentenced Franklin to a term of 77 months imprisonment. Because Judge Murphy has since retired, this case has been transferred to the undersigned.

After his federal conviction, Franklin was writted into state custody and prosecuted separately by the state of Illinois in *People v. Darius Franklin*, Cook County

case number 11-cr-881-01. The judgment in the Cook County case expressly provided that the sentence in 11-cr-881-01 was to run concurrently with the sentence imposed in 10-cr-30197-GPM-005. Nevertheless, the United States Bureau of Prisons is not crediting Franklin for his time served concurrently in state custody.

The parties jointly seek to correct a "clerical error," pursuant to Federal Rule of Civil Procedure 36. Rule 36 states as follows: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CIV. P. 36. This includes the ability to clarify a judgment which does not clearly reflect the intent of the Court in pronouncing the sentence. *See United States v. Niemiec,* 689 F.2d 688, 692 (7th Cir. 1982).

Because the parties agree that it was understood that the state sentence was to run concurrent with the federal sentence imposed, the Court finds, pursuant to Federal Rule of Criminal Procedure 36, that an oversight or omission occurred resulting in an error calculating Franklin's sentence. Having examined both motions, and being fully advised in the premises, the Court **GRANTS** the motions (Docs. 373 and 378).

It is **ORDERED, ADJUDGED AND DECREED** that the judgment in this case is amended to reflect that Franklin's sentence of 77 months' imprisonment shall run concurrent with Franklin's Cook County Illinois sentence in case number 11-cr-881-01. The United States Bureau of Prisons is **DIRECTED** to recalculate Franklin's sentence credit accordingly.

**IT IS SO ORDERED.**

**DATED: March 17, 2017**

                                                     **s/ Nancy J. Rosenstengel_____**
                                                     **NANCY J. ROSENSTENGEL**
                                                     **United States District Judge**